UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                                                   Plaintiff,

                                                                                                     Case #14-CR-6136-FPG

v.

                                                                                                      DECISION AND ORDER

COLIN MONTAGUE, a/k/a Uncle, a/k/a "C", and
MONTAGUE ENTERPRISES, INC.,

                                             Defendants.
_____

       The Second Superseding Indictment in this case charges Defendant Colin Montague with engaging in a continuing criminal enterprise, conspiring to possess with intent to distribute cocaine and cocaine base, conspiring to commit money laundering, and six substantive counts of money laundering. *See* ECF No. 55. Corporate Defendant Montague Enterprises, Inc. is also charged with conspiring to commit money laundering and six substantive counts of money laundering. *Id.* As relevant here, the Second Superseding Indictment also contains two forfeiture allegations, which allege, *inter alia*, that numerous real properties should be forfeited to the government upon the Defendants' convictions. *Id.*

       On November 12, 2015, the Court entered a Stipulation and Order for Interlocutory Sale. ECF No. 213. The Stipulation was signed by the parties' respective counsel, and by Defendant Colin Montague twice: once in his individual capacity and again as President of Montague Enterprises, Inc. *Id.* The Stipulation and Order provided for the United States Marshals Service to take custody and control of twenty four of the real properties listed in the Second Superseding Indictment's forfeiture allegation, to sell the properties, and to hold the net sale proceeds in escrow pending the resolution of this case. *Id.*

The government has moved for an order compelling Montague Enterprises, Inc. and Colin Montague to execute paperwork that is required to effectuate the parties' Stipulation, and more precisely, to effectuate the sale of these properties by the Marshals Service to a subsequent purchaser. ECF No. 289. In short, the government avers that despite repeated attempts, neither Defendant Colin Montague nor Corporate Defendant Montague Enterprises, Inc. have executed the sale documents required to effectuate the parties' Stipulation and Order for Interlocutory Sale, and it seeks an order from this Court to compel compliance. Despite having ample time to respond, neither Defendant Colin Montague nor Corporate Defendant Montague Enterprises, Inc. have opposed the government's motion.

Magistrate Judge Jonathan W. Feldman previously dealt with this issue in his Order of June 30, 2016. ECF No. 271. There, Judge Feldman clearly ordered that "all counsel shall cooperate to execute documents needed to effectuate the Stipulation and Order [ECF No. 213] approved by Chief Judge Geraci." *Id*. That Order remains in effect, and because there has been no challenge to either Judge Feldman's Order or the government's current Motion, the government's Motion (ECF No. 289) is GRANTED. Consistent with Judge Feldman's prior Order, all counsel shall cooperate to promptly execute the documents needed to effectuate the parties' Stipulation and Order.

IT IS SO ORDERED.

DATED:   Rochester, New York
         November 15, 2016

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court