UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                      Plaintiff,

                                                      Case #14-CR-6136-FPG

v.

                                                      DECISION AND ORDER

COLIN MONTAGUE, et al.,

                                      Defendants.

_____

## INTRODUCTION

On December 9, 2014, the federal grand jury returned a second superseding indictment in this matter, charging fifteen individuals and one corporation with various offenses relating to narcotics trafficking and money laundering. ECF No. 55. All pretrial matters were referred to Magistrate Judge Jonathan W. Feldman ("Judge Feldman") pursuant to 28 U.S.C. § 636(b).

On May 17, 2016, Judge Feldman issued a Decision and Order regarding the government's discovery obligations under Rules 12(b)(4) and 16 of the Federal Rules of Criminal Procedure. ECF No. 253. The government has requested district court review of that decision. *See* ECF No. 297. Defendant Colin Montague has responded to the government's appeal and also moved for—among other related relief—a finding that the government failed to comply with the terms of Judge Feldman's order. *See* ECF Nos. 419, 420. For the reasons stated below, Judge Feldman's decision is affirmed and Montague's request for relief is denied.

## BACKGROUND

Judge Feldman found that although the government had acted in good faith in meeting its discovery obligations, the volume of electronically stored information ("ESI") turned over to defense counsel requires that more be done to ensure the equitable administration of justice in this case. ECF No. 253, at 4. He also found that "[a]t this point in the prosecution, there is no

reason why the government should not be able to identify what evidence it intends to present at trial and provide that evidence to the remaining defendants in a manner and format that levels the ESI 'playing field.'" *Id.* at 5 (citing *United States v. Anderson*, 416 F. Supp. 2d 110, 113-15 (D.D.C. 2006)). Accordingly, Judge Feldman ordered the government to do the following within 60 days:

1. with respect to video surveillance evidence the government intends to use in its case-in-chief, provide defense counsel with an annotation that identifies which defendants appear on camera at any given time;

2. with respect to audio recordings the government intends to use in its case-in-chief, provide defense counsel with a written annotation identifying whose voice is heard on each recording, the date and time of the conversation, and the phone numbers and subscribers of all telephones used in each conversation; and

3. specifically identify the documentary evidence and other materials that will appear on the government's exhibit list at trial.

*Id.* at 5-8. In addition, to the extent the government intends to use any transcripts of recorded conversations at trial, Judge Feldman ordered the government to provide those transcripts to defense counsel at least 60 days before the beginning of jury selection. *Id.* at 6.

After Judge Feldman issued his Decision and Order, the government asked for and received four extensions of time to file a memorandum of law in support of its appeal. *See* ECF Nos. 258, 270, 278, 291. On September 7, 2016, the government timely filed that memorandum. ECF No. 297. The government argues that this Court should reverse Judge Feldman's order because (1) it needlessly compels the government to prepare for trial before a trial date has been scheduled; and (2) it imposes discovery obligations on the government that "far exceed" those set forth in Rules 12(b)(4) and 16 of the Federal Rules of Criminal Procedure.

Subsequently, Montague filed a response to the government's appeal. ECF No. 419. Montague also filed a motion in which he seeks (1) a finding that the government has failed to comply with the terms of Judge Feldman's order; (2) an order precluding the government from presenting evidence at trial due to its noncompliance; and (3) an order dismissing the indictment against Montague with prejudice. ECF No. 420.

## LEGAL STANDARD

This Court reviews Judge Feldman's May 17, 2016 Decision and Order to determine whether it was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002) (quoting *Derthick v. Bassett–Walker Inc.*, Nos. 90-cv-5427, 90-cv-7479, 90-cv-3845, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992)) (internal quotations omitted). "Pursuant to this highly deferential standard of review, magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." *Id.*

## DISCUSSION

This Court finds that Judge Feldman's Decision and Order is neither clearly erroneous nor contrary to law and that the government's arguments are unpersuasive. At the same time, Montague's assertion that the government has "failed to comply" with Judge Feldman's order is unavailing and his request for relief is without merit.

First, the Court is not persuaded that it would be premature or unduly burdensome to compel the government to identify the evidence it intends to use in its case-in-chief. Regardless of whether that argument would have had more force at the time Judge Feldman issued his Decision and Order, it has now been more than two and a half years since the grand jury returned

the second superseding indictment. Although a trial has not yet been scheduled, the government recently indicated that it would move to set a trial date as soon as the instant discovery issue is resolved. While the burden placed on the government to identify the evidence it intends to use in its case-in-chief and annotate surveillance recordings is not trivial, that cost is less significant at this stage of the litigation—where the prospect of a trial is on the horizon and the government will necessarily be engaging in its own trial preparations. Further, the Court agrees with Judge Feldman that requiring the government to provide discovery in a manageable format is necessary to level the ESI playing field given the voluminous and somewhat complex nature of the discovery in this case.

Second, Judge Feldman's order does not impermissibly expand the government's discovery obligations beyond those outlined in the Federal Rules of Criminal Procedure. Upon a defendant's request, Rule 16 requires the government to disclose "relevant" recorded statements by the defendant as well as documents and objects that the government intends to use in its case-in-chief at trial. *See* Fed. R. Crim. P. 16(a)(1)(B)(i), 16(a)(1)(E)(ii). Rule 12 allows defendants to request notice of the government's intent to use such evidence "[a]t the arraignment or as soon afterward as practicable." *See* Fed. R. Crim. P. 12(b)(4)(B). Rule 16 also gives courts the discretion to regulate discovery in criminal cases. *See* Fed. R. Crim. P. 16(d) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). Judge Feldman cited ample authority for his finding that the government's disclosures in this case, while made in good faith, were not sufficient to satisfy its obligations under Rules 12 and 16. *See* ECF No. 253 at 2-3 (citing *United States v. Quinones*, No. 13-83, 2015 WL 6696484, at *2 (W.D.N.Y. Nov. 2, 2015); *United States v. Briggs*, No. 10-184, 2011 WL 4017886, at *8 (W.D.N.Y. Sept. 8, 2011); *United States v. de la Cruz-Paulino*, 61 F.3d 986,

993 (1st Cir. 1995); *Anderson*, 416 F. Supp. 2d at 112 n.1; *United States v. Rickets*, No. 15-153, 2015 WL 9478136, at *3 (E.D. La. Dec. 29, 2015)).

Citing *United States v. Koschtschuk*, No. 09-96, 2010 WL 584018 (W.D.N.Y. Feb. 16, 2010) and *United States v. Barret*, 824 F. Supp. 2d 419 (E.D.N.Y. 2011), the government argues that compliance with Judge Feldman's order would require the government to reveal its trial strategy and disclose its work product. The Court disagrees. Judge Feldman's order simply requires the government to disclose the evidence it intends to use in its case-in-chief and, with respect to that evidence, provide certain written annotations to aid defense counsel in sorting through voluminous discovery material. Importantly, Judge Feldman's order does *not* require the government to disclose the manner or context in which any evidence will be used at trial; any of the arguments the government intends to make to the jury; or the government's position regarding the relative significance of the different evidence it intends to use or the conclusions that can be drawn from such evidence. Therefore, Judge Feldman's Decision and Order is affirmed.

Although this Court affirms Judge Feldman's Decision and Order, it does not follow that the government has "failed to comply" with that order or that Montague is entitled to the relief he seeks. Before filing its appeal, the government asked for and received extensions of time to do so. *See* ECF Nos. 258, 270, 278, 291. Neither Montague nor any other defendant objected to those extensions of time. Montague now argues that he has been prejudiced by the delay, but he offers only vague and conclusory statements in support of that assertion. *See, e.g.*, ECF No. 420-1, at ¶¶ 5, 10A-E. In fact, as detailed in its memorandum of law, the government has made considerable efforts to address Judge Feldman's concerns and provide its disclosure in a manageable format even as it argued that Judge Feldman's order should not be upheld. *See* ECF No. 297, at 9-12. Even if the government had failed to comply with Judge Feldman's order in

some respect, there is no basis in the record to conclude that the extreme relief Montague has requested—namely, dismissing the indictment or precluding the government from introducing evidence at trial—would be appropriate. Therefore, Montague's request for relief is denied.

## CONCLUSION

For the reasons stated above, Judge Feldman's May 17, 2016 Decision and Order (ECF No. 253) is AFFIRMED. Montague's motion for miscellaneous relief (ECF No. 420) is DENIED. The government shall comply with the terms of Judge Feldman's Decision and Order within 60 days.

IT IS SO ORDERED.

Dated: August 24, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court