UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    vs.

COLIN MONTAGUE,
                  Defendant.

DEFENDANT'S JURY CHARGE REQUESTS

Case No. 14-CR-6136

The Defendant, Colin Montague, by and through his attorney, Maurice J. Verrillo, Esq., for his requests for charge to the jury makes the following charge requests that:

1. This Court utilize the standard jury instructions set forth in the Hon. Leonard Sand's Modern Federal Jury Instructions Criminal except as modified herein.

2. The defendant generally objects to the proposed charges of the government to the extent that they are inconsistent with the standard jury instructions in Sand's. Moreover, the defendant objects to the hypothetical fact summaries or marshaling of allegations which is replete in the government's charge. The attempts to marshal evidence through the Court's jury charge is objected to as highly prejudicial, unfair, and violative of the defendant's right to a fair trial under the Sixth Amendment of the United States Constitution and applicable case law.

3. The requests for General Instructions are as follows:

| | | |
|---|---|---|
| | 1-1 | Instructions at the Beginning of Trial |
| | 2-1 | Juror Attentiveness |
| | 2-2 | Role of the Court |
| | 2-3 | Role of the Jury |
| | 2-4 | Juror Obligations |
| | 2-5 | The Government as a Party |
| | 2-8 | Conduct of Counsel |
| | 2-9 | Reprimand of Counsel during Trial |
| | 2-10 | Counsel Cooperation |
| | 2-11 | Improper Considerations |
| | 2-12 | Sympathy |
| | 2-14 | Publicity-Preliminary Statement |
| | 2-15 | Publicity-Reminder |
| | 2-17 | Publicity-final charge |

LAW OFFICES OF
MAURICE J. VERRILLO, P.C.

3300 Monroe Avenue
Suite 301
Rochester, New York 14618

(585) 232-2640

| | |
|---|---|
| 2-18 | Jury to Consider only this Defendant |
| 2-19 | Disregard disposition of Co-Defendant's case |
| 2-20 | Disregard unproven allegations |
| 2-21 | Contact with Others |
| 3-1 | Indictment is not evidence |
| 3-2 | The Charges |
| 3-3 | Separate Defendants |
| 3-5 | Consider each Defendant separately |
| 3-8 | Multiple Counts-Multiple Defendants |
| 3-9 | The Statute |
| 3-10 | Elements of the Crime |
| 3-11 | Variance |
| 3A-1 | Knowingly |
| 3A-3 | Willingly |
| 3A-4 | Intentionally |
| 4-1 | Presumption of Innocence and Burden of Proof |
| 4-2 | Reasonable Doubt |
| 4-3 | Number of Witnesses and Uncontradicted Testimony |
| 5-2 | Direct and Circumstantial Evidence. |
| 5-3 | Questions |
| 5-4 | Testimony, Exhibits, Stipulations and Judicial Notice |
| 5-9 | Transcripts of Tape Recordings |
| 5-14 | Defendant's reputation |
| 5-15 | Opinion of Defendant's Character |
| 5-16 | Cross-Examination of Witnesses of Defendant's Character |
| 5-17 | Impeachment of Reputation Testimony |
| 5-18 | Opinion as to Character of Witness |
| 5-20 | Admission of Co-Conspirator Statements- |
| 6-1 | Inference defined. |
| 6-3 | Impermissible to Infer Participation from Mere Presence |
| 6-4 | Impermissible to Infer Participation from Association |
| 6-5 | Missing Witness Not Equally Available to the Defendant |
| 7-1 | Witness Credibility-General |
| 7-2 | Bias and Hostility |
| 7-3 | Interest in Outcome |
| 7-4 | Defendant's Interest if Defendant Testifies |
| 7-5 | Accomplices called by the Government |
| 7-6 | Accomplices called by the Defendant |
| 7-7 | Unindicted Co-Conspirator as Government Witness |
| 7-8 | Statutory Immunity of Government Witness |
| 7-9 | Informal Immunity of Government Witness |
| 7-9.1 | Witness Using or Addicted to Drugs |
| 7-10 | Government Witness-Not Proper to Consider Guilty Plea |
| 7-11 | Co-Conspirator's Plea Agreement |

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 Monroe Avenue
Suite 301
Rochester, New York 14618

(585) 232-2640

| | |
|---|---|
| 7-12 | Impeachment by Felony Conviction-Non Defendant |
| 7-13 | Impeachment of Defendant-Previous Felony Charge |
| 7-14 | Government Informers |
| 7-16 | Law Enforcement Witnesses |
| 7-17 | Trial Perjury |
| 7-18 | Prior Perjury |
| 7-19 | Impeachment by Prior Inconsistent Statement |
| 7-20 | Identification Testimony 7-21 Expert Witness |
| 7-22 | Voice Experts |
| 8-2 | Alibi |
| 9-3 | Right to See Exhibits and Hear Testimony; Communications with Court |
| 9-5 | Selection of a Foreperson |
| 9-7 | Duty to Consult and Need for Unanimity |
| 9-7.1 | Unanimity of Theory |
| 9-9 | Special Verdict |
| 9-10 | Lesser Included Offense-Conspiracy Weight |

**SUBSTANTIVE OFFENSES**

Money Laundering

| | |
|---|---|
| 50A-6 | Statute |
| 50A-7 | Elements |
| 50 A-8 | Financial Transaction involving illegal proceeds |
| 50 A-9 | Knowledge-proceeds |
| 50 A-10 | Knowledge-concealment |

Drug Conspiracy

| | |
|---|---|
| 56.01 | Statute |
| 56-2 | Elements |
| 56-3 | Possession |
| 56-4 | Definition-Possession |
| 56-5 | Inference-control |
| 56-6 | Knowledge of narcotic |
| 56-7 | Method of proving knowledge |
| 56-9 | Distribution or intent to distribute |
| 56-11 | Intent to Distribute |
| 56-13 | Outrageous Government Conduct |

CCE Charge

| | |
|---|---|
| 56.04 | |
| 56-25 | Statute |
| 56-26 | Elements of offense |
| 56-27 | Federal narcotics law |
| 56-28 | Continuing series of violations |
| 56-29 | Five or more person |
| 56-30 | Organizer, supervisor, manager |

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 Monroe Avenue
Suite 301
Rochester, New York 14618

(585) 232-2640

56-31    Substantial income or resources

The defendant has specific objections to the Pinkerton charge in Request #18 of the government's request for charge. The defendant requests that no Pinkerton charge be given.

The Pinkerton charge should not be given automatically or as a matter of course. **U.S. v. Salameh,** 152 F.3d 88 (2d Cir. 1998). The alleged events as proffered by the government raise a substantial risk of prejudice to the defendant namely to raise so many alleged criminal events, many of which having no relationship to the defendant, so as to infer the existence of a conspiracy, based on different and disparate criminal activities. **U.S. v. Escobar**, 462 Fed. Appx. 58 (2d Cir. 2012).

The Defendant Colin Montague further requests instruction as to the use of so called Co-Conspirator Testimony. The requested charge is as follows:

The government has called as witnesses people who are named as co-conspirators in this case, or where not charged as defendants.

For this reason, you should exercise caution in evaluating their testimony and scrutinize it with great care. You should consider whether they have an interest in the case and whether they have a motive to testify falsely. In other words, ask yourselves whether they have a stake in the outcome of the trial. As I have indicated, their testimony may be accepted by you if you believe it to be true and it is up to you, the jury, to decide what weight, if any, to give to the testimony of these alleged co-conspirators.

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 Monroe Avenue
Suite 301
Rochester, New York 14618

(585) 232-2640

See L Sand, et al., Modern Federal Jury Instructions, No. 7-7.

The Defendant further requests a limiting instruction as to alleged prior bad acts of the Defendant, preceding the date of the alleged conspiracy.

A special interrogatory is requested for the unanimous determination by the jury as to the three predicate acts forming the basis for the Continuing Criminal Enterprise count and a limiting instruction as to what predicate acts may be considered, as alleged in the Indictment. **U.S**. **v. Taher**, 663 Fed. Appx. 23 (2d Cir. 2016)

A failure to call witness instruction is also sought. The suggested language is as follows: "If it is peculiarly within the power of either the prosecution or the defense to produce a witness who could give material testimony on an issue in this case, failure to call that witness may give rise to an inference that his testimony would be unfavorable to that party, however no such conclusion shall be drawn by you with regard to a witness who is equally available to both parties, or where the witness's testimony would be merely cumulative.

The jury will always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence". **United States v**. **Caccia,** 122 F.3d 136, 139.

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 Monroe Avenue
Suite 301
Rochester, New York 14618

(585) 232-2640

The Defendant, Colin Montague reserves the right to supplement, modify, or amend his requests for charge prior to the submission of the charge to the jury.

Dated: May 31, 2018                  Yours etc.,

/s/ Maurice Verrillo
_____
Maurice J. Verrillo, Esq.
Law Office of Maurice J. Verrillo, P.C.
Attorney for the Defendant, Colin Montague
3300 Monroe Avenue, Suite 301
Rochester, New York 14618
   (585) 232-2640

**LAW OFFICES OF**
**MAURICE J. VERRILLO, P.C.**

3300 Monroe Avenue
Suite 301
Rochester, New York 14618

(585) 232-2640