UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

COLIN MONTAGUE,

Defendant.

Case # 14-CR-6136-FPG

DECISION AND ORDER

## INTRODUCTION

On June 4, 2018, a jury found Defendant Colin Montague guilty of engaging in a continuing criminal enterprise (CCE), narcotics conspiracy, and all other felony charges contained in the Second Superseding Indictment against him. ECF No. 616. At sentencing, the Court vacated the guilty verdict on the narcotics conspiracy count, as it was a lesser included offense of the CCE. ECF No. 709. Defendant appealed, but the Second Circuit affirmed the convictions. ECF No. 948. Defendant then appealed to the Supreme Court, which granted certiorari, vacated the Second Circuit's judgment, and remanded the case to the Second Circuit. *Montague v. United States*, 144 S. Ct. 2654, 2654 (2024) (mem). On remand, the Second Circuit vacated the CCE conviction and remanded the case to this Court with instructions to reinstate the narcotics conspiracy count and to resentence Defendant accordingly. ECF No. 959. Defendant now moves to preclude the reinstatement of the narcotics conspiracy charge. ECF No. 969. The Government opposes the motion. ECF No. 972. For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

Defendant was the leader of a vast drug trafficking ring, which involved Defendant and his associates purchasing cocaine from West Coast suppliers, transporting that cocaine to the Rochester area, selling cocaine to lower-level drug dealers, and then laundering the profits through

Defendant's real-estate business. ECF No. 809 at 37–38. Following a seven-week trial by jury, Defendant was convicted of all nine charges found in the Second Superseding Indictment against him. ECF No. 616. Specifically, the jury found him guilty of engaging in a CCE in violation of 21 U.S.C. § 848, narcotics conspiracy in violation of 21 U.S.C. § 846, money laundering conspiracy in violation of 18 U.S.C. § 1956(h), and substantive money laundering offenses in violation of 18 U.S.C. § 1957(a). *Id*. At Defendant's sentencing on September 18, 2018, the Court, with the consent of the parties, vacated the guilty verdict with respect to the narcotics conspiracy charge, as it was a lesser included offense of the CCE. ECF No. 709. The Court then sentenced Defendant to life in prison—the mandatory minimum—for the CCE charge, 240 months imprisonment for conspiracy to commit money laundering, and 120 months imprisonment for each of the substantive money-laundering charges, all to run concurrently with his life sentence. ECF No. 728.

Defendant appealed his convictions on various grounds, but the Second Circuit affirmed the convictions. ECF No. 948. Defendant then appealed his case to the Supreme Court. When the case reached the Supreme Court, in the Solicitor General's brief, she conceded that there was an error in Defendant's indictment, stating that the indictment against Defendant did not "sufficiently allege three predicate violations needed to establish a CCE." Brief for the United States in Opposition, *United States v. Montague*, 144 S. Ct. 2654 (2024), 2024 WL 2274434, at *10. Nevertheless, the Solicitor General maintained that Defendant was not "entitled to relief because the indictment error . . . [was] harmless beyond a reasonable doubt." *Id.* Consequently, the Supreme Court granted certiorari, vacated the Second Circuit's judgment, and remanded the case to the Second Circuit for further consideration in light of the confession of error by the Solicitor General in her brief. *Montague*, 144 S. Ct. at 2654.

2

On remand, the Second Circuit explained that while there was extensive evidence of Defendant's guilt, the indictment did not give Defendant "notice of specific predicate acts to be proven, which limited his ability to mount an effective defense." ECF No. 959 at 4. Therefore, it vacated Defendant's CCE conviction. *Id.* In light of its decision to vacate the CCE conviction and recognizing that this Court had only dismissed the narcotics conspiracy count because it was a lesser included offense of the CCE, the Second Circuit remanded the case to this Court with instructions to reinstate the count of narcotics conspiracy and to resentence Defendant accordingly. *Id.* at 5. Defendant now moves to preclude this Court from reinstating the narcotics conspiracy charge. ECF No. 969.

## DISCUSSION

Defendant provides ten arguments as to why this Court is precluded from reinstating the narcotics conspiracy conviction: (I) this Court lacks jurisdiction to reinstate the charge; (II) the reinstatement of the charge violates separation of powers principles; (III) the statute of limitations has run on the charge; (IV) the unreasonable delay in sentencing violates Federal Rule of Criminal Procedure 32(b)(1) and the Due Process Clause of the Fifth Amendment to the United States Constitution; (V) the delay in sentencing violates the Speedy Trial Clause of the Sixth Amendment to the United States Constitution; (VI) reinstatement of the charge would constitute Double Jeopardy; (VII) reinstatement of the charge would violate 18 U.S.C. § 3161; (VIII) prejudicial spillover as the result of retroactive misjoinder has rendered the narcotics conspiracy charge improper; (IX) the Grand Jury's integrity was impaired; and (X) the Government vindictively prosecuted Defendant in violation of the principles of issue preclusion, claim preclusion, res judicata, and collateral estoppel. ECF No. 969. The Court discusses each in turn.

3

I.      **Jurisdiction**

Defendant's first argument is that the Supreme Court did not grant this Court the authority to do anything other than resentence Defendant. *Id.* at 7. Specifically, Defendant argues that the Supreme Court vacated the Second Circuit's judgment, but did not grant the Second Circuit or this Court jurisdiction to reinstate any charges in this matter. *Id.* ¶ 25. In response, the Government argues that it is the uniform practice of federal appellate courts to direct the entry of judgment for lesser included offenses when a conviction for the greater offense is reversed on grounds that only affect the greater offense and that the Supreme Court has expressed approval of this practice. ECF No. 972 at 3. As the narcotics conspiracy was only set aside because it was a lesser conviction of the CCE, the Government argues that the Second Circuit had the authority to order the reinstatement of the narcotics conspiracy. *Id.* at 4.

The Court agrees with the Government. The Supreme Court did not limit the Second Circuit's or this Court's ability to reinstate the narcotics conspiracy. When the Supreme Court vacated the judgment, it remanded the case to the Second Circuit for "further consideration in light of the confession of error by the Solicitor General in her brief for the United States." *Montague*, 144 S. Ct. at 2654. On remand, consistent with the Supreme Court's instructions, the Second Circuit, considered the case in light of the confession of error by the Solicited General and vacated Defendant's conviction for the CCE. ECF No. 959 at 2. It also remanded the case to this Court with instructions to reinstate the conviction for narcotics conspiracy and to resentence the Defendant accordingly. *Id.* As such, there is no merit to Defendant's argument that reinstating the narcotics conspiracy violates the Supreme Court's decision.

To the extent that Defendant is challenging the Second Circuit's authority to reinstate the narcotics conspiracy more generally, that argument also fails. As the Second Circuit explained in

its decision remanding this case, in *Rutledge v. United States*, the Supreme Court acknowledged that the federal appellate courts "appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense." ECF No. 959 at 5 (quoting 517 U.S. 292, 306 (1996)). The Second Circuit further explained that the Supreme Court had noted "the use of such a practice with approval." *Id.* (quoting *Rutledge*, 517 U.S. at 306). Given this precedent and the Second Circuit's instructions to reinstate the narcotics conspiracy, the Court concludes that it has the jurisdiction to reinstate the narcotics conspiracy and resentence Defendant accordingly.

## II.    Separation of Powers

Defendant maintains that the Government has not moved to reinstate the narcotics conspiracy and argues that the Court does not have the authority to *sua sponte* prosecute Defendant.  ECF No. 969 ¶¶ 26–27; *see* ECF No. 976 ¶ 26. Specifically, Defendant argues that the prosecutorial function and the discretion that comes with it is committed by the Constitution to the Executive and thus, this Court cannot prosecute this action without the Government moving to reinstate the narcotics conspiracy, as it would violate separation of powers principles. ECF No. 969 ¶ 28. In response, the Government maintains that it moved for reinstatement of the narcotics conspiracy in its August 12, 2024 submission to the Second Circuit, arguing that under *Rutledge,* the narcotics conspiracy should be reinstated if the CCE count is vacated. ECF No. 972 at 4.

The Court has reviewed the Government's August 12, 2024 submission to the Second Circuit. Government's Letter Brief, *United States v. Montague*, No. 18-2975 (2d Cir. Sept. 6, 2024), 2024 WL 3887417, at *1. In its submission, the Government cited to *Rutledge* and stated that if Defendant's "CCE count is vacated, the government respectfully requests that Montague's narcotics-conspiracy count (Count 2), which was dismissed as a lesser included offense, be

reinstated." *Id.* at *7. Therefore, it simply cannot be said that the Government has not moved to reinstate the narcotics conspiracy. Consequently, there is no merit to Defendant's argument that the reinstatement of the narcotics conspiracy conviction violates separation of powers principles.

## III. Statute of Limitations

Defendant argues that any reinstatement of the narcotics conspiracy is untimely. ECF No. 969 ¶ 29. Defendant argues that 18 U.S.C. § 3282(a) provides that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." *Id.* ¶ 30. In his motion and his reply, Defendant italicized and underlined "or punished" when quoting § 3282(a). *See id;* ECF No. 976 ¶ 7. Defendant adds that as the residual period for the statute of limitations for federal crimes is five years, any reinstatement of the narcotics conspiracy conviction is untimely, and time barred. ECF No. 969 ¶ 31. He also cites to *United States v. Podde*, 105 F.3d 813 (2d Cir. 1997), claiming that this case supports his argument. *Id.*; ECF No. 976 at ¶ 11.

In response, the Government argues that there is no statute of limitations violation because Defendant was properly charged well within the statute of limitations. ECF No. 972 at 5. The Government maintains that it is irrelevant that the remand for resentencing is occurring beyond five years because the statute of limitations only addresses the time within the charge must be filed. *Id.* Further, the Government emphasizes that Defendant was already charged, tried, and found guilty on the count at issue. *Id.*

In this case, § 3282(a)'s five-year statute of limitations does not prevent resentencing. As Defendant acknowledges, the language of § 3282(a) states that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital,

*unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.*" 18 U.S.C. § 3282(a) (emphasis added). Thus, an action is only time barred under § 3282(a) if an indictment is found or information is instituted more than five years after the offense. *See United States v. Gigante*, 436 F. Supp. 2d 647, 654 (S.D.N.Y. 2006) (citing *United States v. Srulowitz,* 819 F.2d 37, 40 (2d Cir. 1987) ("In the criminal context, statutes of limitations require that an indictment be 'found' within a certain period of time, and an indictment ordinarily is 'found' when it is returned by the grand jury and filed.").

Here, Defendant does not allege that the indictment in this case was not "found" within five years of the offense. He simply argues that he is being punished more than five years after the offense, which is not prohibited by § 3282(a). Defendant's citation to *Poode*, is unavailing. In *Poode*, the Second Circuit held that the defendant's charges must be dismissed because he was *reindicted* after the statute of limitations had run. 105 F.3d at 818. In this case, Defendant was indicted well within the statute of limitations, and no new indictment is being brought. As such, there is no merit to his argument that resentencing him at this time violates § 3282(a).

## IV.    Rule 32(b)(1) and Fifth Amendment

Defendant states that Rule 32(b)(1) provides that a court "must impose sentence without unnecessary delay." ECF No. 969 ¶ 33. Defendant then argues that the Due Process Clause of the Fifth Amendment is to be taken together with Rule 32 to protect criminal defendants from unreasonable delays between conviction and sentencing. *Id.* ¶¶ 34–35. Defendant maintains that he objected to the reinstatement of the dismissed charges and that the Government "provided no notice to Defendant that they [sic] could potentially attempt to reinstate the narcotics conspiracy despite knowing that the CCE count was defective." *Id.* ¶ 36. Therefore, Defendant argues that there has been an unreasonable delay in Defendant's sentencing. *Id.* at 9.

In response, the Government argues that Defendant has already been sentenced and has never contended that there was an unreasonable delay in being sentenced, emphasizing that it was Defendant who asked for a last-minute extension to delay his initial sentencing, which was denied. ECF No. 972 at 5. The Government also argues that to the extent Defendant is attempting to raise an argument that there has been an unreasonable delay in the resentencing, Defendant has not articulated what period of time is unreasonable or cited any authority showing how this unspecified time is unreasonable. *Id.*

As for Defendant's arguments under the Fifth Amendment, the Government argues that Defendant has not articulated either an unjustified delay or any prejudice that has resulted from that delay. *Id.* at 7. The Government also maintains that any assertion that the Government charged Defendant with CCE knowing it was unlawful to do so is "nonsense." *Id.* at 4. The Government further maintains that neither the Supreme Court nor the Second Circuit held that the evidence was insufficient to support such a charge, and that the vacatur of the CCE was based exclusively on the Solicitor General's concession that there was an error in the pleading of the charge. *Id.* Therefore, nowhere has the government or any court held that it was unlawful to charge Defendant with a CCE. *Id.*[1]

In Defendant's reply, he argues that the Government pleaded an indictment it "knew to be unlawful and would not concede [it] was unlawful for more than a decade" until the Solicitor

---

[1] The Government also disputes that Defendant objected to the reinstatement of the narcotics conspiracy and disputes Defendant's contention that the Government provided no notice to Defendant that it could potentially attempt to reinstate the narcotics conspiracy. ECF No. 972 at 7. As discussed above, the Government argues that it requested that the Second Circuit reinstate the narcotics conspiracy conviction, and that Defendant failed to articulate any opposition to that request in his submission to the Second Circuit filed later that day. *Id.* Defendant responds that the Second Circuit asked for simultaneously briefing and therefore, he could not respond or object to arguments in the Government's brief. ECF No. 976 ¶¶ 22–23. As Defendant's alleged failure to object prior to this motion, and the Government's alleged failure to provide notice that it could reinstate the count have no bearing on the Court's Rule 32(b)(1) and Fifth Amendment analysis, the Court need not address these arguments.

General "essentially apologized to the Court for the way the prosecutors in the Western District of New York had handled" Defendant's case. ECF No. 976 ¶ 12. Defendant maintains that the length of delay includes that ten-year period where the Government knew the CCE charge was illegal. *Id.* ¶ 13. Defendant maintains that he was prejudiced because he spent years attempting to "dismiss the obviously unlawful CCE count and focused his defense and direct appeal upon the same when the Government could have, at all times, prior to reaching the Supreme Court of the United States, conceded and withdrew the CCE that they [sic] knew to be illegal." *Id.* ¶ 14.

Defendant further maintains that the "pleading of the CCE and refusal to address its injustice was always 'an intentional device to gain a tactical advantage over the accused.'" *Id.* ¶ 15 (quoting *United States v. Corniele*, 171 F.3d 748, 752 (2d Cir. 1999)). Defendant makes several other arguments as to how he was prejudiced. He then summarizes these arguments, explaining that the "harm was done to Defendant, the Defendant's trial, his health, his psychological well-being, his attorneys, the financial cost to Defendant, the jury (influencing their perceptions, deliberations and verdict) and justice itself." *Id.* ¶ 20. He concludes by stating that the "Government's refusal to acknowledge its incorrect pleading until the case reached the Supreme Court reflected a deliberate deprivation of due process undermining the fairness of the entire legal proceeding." *Id.*

When determining whether a defendant's due process rights were violated due to a delay in sentencing, the Court must consider "the reasons for the delay" and "the prejudice to the accused." *United States v. Cain*, 734 F. App'x 21, 24 (2d Cir. 2018) (summary order) (quoting *United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009)). A defendant "must show both prejudice and an unjustified reason for the delay." *Id.* at 25 (quotation omitted). Even so, these factors are

not "independent prongs of a two-part test," but instead, "are related factors to be weighed in light of each other and the surrounding circumstances." *Id.* (quotation omitted).

As for the delay factor, Defendant's argument is that the delay in his sentencing was the result of the Government's refusal to concede that it knowingly and unlawfully charged Defendant with CCE and its refusal to withdraw the charge accordingly. *See* ECF No. 976 ¶ 20. The Court rejects this argument. Defendant does not explain why he believes the charge was unlawful or why he believes that the Government had knowledge that the charge was unlawful. Defendant appears to argue that the Solicitor General's confession of error constitutes an admission that the Government knowingly and unlawfully brought the CCE charge. *See id.* ¶ 5. However, the Solicitor General did not say the indictment was unlawful, but rather stated that the indictment did not "sufficiently allege three predicate violations needed to establish a CCE." Brief for the United States in Opposition, *United States v. Montague*, 144 S. Ct. 2654 (2024), 2024 WL 2274434, at *10. She also maintained that Defendant was not "entitled to relief because the indictment error . . . [was] harmless beyond a reasonable doubt. *Id.* Nowhere did the Solicitor General allege that the Government brought a knowingly defective indictment. *See id.*

Further, neither the Supreme Court nor the Second Circuit held that charging Defendant with CCE was unlawful. *See Montague*, 144 S. Ct. at 2654; ECF No. 959. Indeed, the Second Circuit stated that it vacated the CCE conviction—despite the extensive evidence of guilt— because the "indictment did not give Montague notice of specific predicate acts to be proven, which limited his ability to mount an effective defense." ECF No. 959 at 4. Neither Court suggested that the Government knowingly brought a defective indictment. *See Montague*, 144 S. Ct. at 2654; ECF No. 959. In sum, a deficient indictment does not equate to an unlawful one and even if it did, there is no evidence that the pleading error was intentional. As such, the Court cannot

accept Defendant's argument that the Government knowingly, intentionally, and unlawfully delayed the sentencing.

As for the second factor, the prejudice must be "substantial and demonstrable," and it must be attributable to the delay in sentencing. *Cain*, 734 F. App'x at 24 (quotation omitted). Prejudice can be shown where the delay in sentencing "undermine[s] . . . successful rehabilitation." *Id.* (quotation omitted). It can also be shown through "prejudice related to the defendant's ability to present his or her case (*i.e.,* in presenting a defense or sentencing submission) and the possibility of losing the opportunity to receive a concurrent sentence or appeal as of right." *Id.* (quotation and internal quotation marks omitted).

All of Defendant's arguments allege prejudice resulting from Defendant having to defend himself against the CCE count at trial and on appeal. *See* ECF No. 976 ¶¶ 16–20. These arguments are again premised on the contention that the Government knowingly, intentionally, and unlawfully indicted Defendant on the CCE count. The Court has already rejected this contention. Even assuming these arguments were not based on the contention that the Government knowingly, intentionally, and unlawfully indicted Defendant, the arguments do not explain how the alleged *delay in sentencing* prejudiced Defendant. Consequently, the Cout concludes that Defendant has not shown "substantial and demonstrable" prejudice attributable to the delay in sentencing, and his argument based on Rule 32(b)(1) and the Fifth Amendment fails.

## V.    Sixth Amendment

Defendant argues that in *Pollard v. United States*, 352 U.S. 354 (1957), the Supreme Court assumed without deciding that the imposition of a sentence is part of a trial for the purposes of the Speedy Trial Clause of the Sixth Amendment. ECF No. 969 ¶ 37. He further argues that the Second Circuit in *United States v. Bryce*, 287 F.3d 249 (2d Cir. 2002), held that the Sixth Amendment's

11

guarantee to a speedy trial applies to sentencing. *Id.* ¶ 38. Consequently, he argues that resentencing at this time violates the Sixth Amendment. *See id.* at 9. In response, the Government argues that in *United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009), the Second Circuit held that the Speedy Trial Clause of the Sixth Amendment did not apply to sentencing proceedings. ECF No. 972 at 6.

In *Betterman v. Montana*, the Supreme Court held that the Sixth Amendment guarantee to a speedy trial, "protects the accused from arrest or indictment through trial, but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges." 578 U.S. 437, 439 (2016). As such, it held that the Sixth Amendment does not apply to delayed sentencings. *Id.* at 441. Thus, Defendant's argument to the contrary is unavailing.

## VI.    Double Jeopardy

Plaintiff argues that the Government

knowingly charged, indicted and tried Defendant on multiplicitous counts of CCE and narcotics conspiracy, where they additionally knew that the CCE count was defective and now seek to reinstate the multiplicitous count that they did not object to being dismissed and that they provided no notice to Defendant that they would attempt to reinstate seven (7) years after dismissal and eleven (11) years after charging.

ECF No. 969 ¶ 39. In response, the Government argues that Defendant has not established that the CCE and narcotics conspiracy charges were multiplicitous. ECF No. 972 at 6. The Government further argues that Defendant is not being punished for the same conduct twice. *Id.* It maintains that as the CCE count has been vacated, if the narcotics conspiracy was not reinstated, Defendant would receive no punishment "for his guilt as a leader in the narcotics conspiracy for which he was found guilty." *Id.* The Government also cites to Second Circuit precedent, supporting its argument that the reinstatement of a conviction does not implicate double jeopardy. *Id.*

"The Fifth Amendment guarantee against double jeopardy . . . has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *United States v. Pettus*, 303 F.3d 480, 486–87 (2d Cir. 2002) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). Defendant is not being prosecuted again, and because the conviction for the CCE has been vacated, he is not being punished twice for the same offense. Further, both the Supreme Court and Second Circuit have held that the reinstatement of a guilty verdict does not implicate double jeopardy rights. *United States v. Wilson*, 420 U.S. 332, 353 (1975); *United States v. Jones*, 763 F.2d 518, 525 (2d Cir. 1985). Therefore, there is no merit to Defendant's claim that reinstating the narcotics conspiracy implicates double jeopardy.

## VII.    18 U.S.C. § 3161

Defendant argues that the dismissed charge may not be reinstated due to 18 USC § 3161(d)(1) and quotes the language of this subsection to support this proposition. ECF No. 969 ¶ 40. In response, the Government argues that this subsection is not relevant for Defendant's case. ECF No. 972 at 6. The Government contends that this subsection only requires the refiling of a previously dismissed charge to occur within the parameters of the Speedy Trial Act. *Id.* In this case, it argues that Defendant's conviction is being reinstated based on a previously filed charged, so there are no new charges being filed. *Id.* Therefore, the Government argues that this subsection is inapplicable in Defendant's case. *Id.*

The language of 18 USC § 3161(d)(1) states:

If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, *and thereafter a complaint is filed against such defendant or*

13

> *individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode*, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 USC § 3161(d)(1) (emphasis added). Thus, the language makes clear that a defendant can only claim relief under this subsection if a complaint, information, or indictment is filed after a charge has been dismissed. In this case, no complaint, information, or indictment has been filed and therefore, this subsection does not apply to Defendant.

## VIII.  Prejudicial Spillover/Retroactive Misjoinder

Defendant argues that the Government presented a knowingly defective CCE count to the jury "solely to impair Defendant's ability to obtain a fair trial," which prejudiced defendant. ECF No. 969 ¶ 42. Consequently, he argues that the appellate court's reversal of less than all convictions has rendered the reinstatement of the narcotics conspiracy charge improper. *Id.* Defendant further argues that "[b]ut for the knowingly illegal prosecution of the CCE, Defendant would not have been convicted of the remaining counts, or in the alternative, Defendant was prejudiced to such an extent that any remaining counts must not stand." *Id.* ¶ 43. In response, the Government maintains that any assertion that the Government charged Defendant with CCE knowing it was unlawful to do so is "nonsense." ECF No. 972 at 4.

As the heading of this section in Defendant's motion reads "<u>PREJUDICIAL SPILLOVER / RETROACTIVE MISJOINDER</u>," the Court believes that Defendant's argument is that "prejudicial spillover" resulted from "retroactive misjoinder." *See id.* at 11. Prejudicial spillover resulting from retroactive misjoinder refers to circumstances in which the "joinder of multiple counts was proper initially, but later developments—such as . . . an appellate court's reversal of

less than all convictions—render the initial joinder improper." *United States v. Hamilton*, 334 F.3d 170, 181 (2d Cir. 2003) (quotation omitted).

"A defendant bears an extremely heavy burden when claiming prejudicial spillover." *United States v. Griffith*, 284 F.3d 338, 351 (2d Cir. 2002). "The defendant must show that he or she suffered prejudice so substantial as to amount to a miscarriage of justice." *Id.* (quotation omitted). "The Second Circuit has established a three-part test for determining whether there has been prejudicial spillover from evidence admitted to support convictions that were later set aside." *Bouchard v. United States*, 12-CR-381, 2019 WL 11343405, at *4 (N.D.N.Y. May 6, 2019) (citing *Hamilton*, 334 F.3d at 182). The *Hamilton* test requires the court to consider: "(1) whether the evidence introduced in support of the vacated count was of such an inflammatory nature that it would have tended to incite or arouse the jury into convicting the defendant on the remaining counts, (2) whether the dismissed count and the remaining counts were similar, and (3) whether the government's evidence on the remaining counts was weak or strong." *Hamilton*, 334 F.3d at 182 (quoting *United States v. Vebeliunas*, 76 F.3d 1283, 1294 (2d Cir. 1996) (internal quotation marks omitted).

In this case, Defendant's only arguments are (1) that the presentment of a "knowingly defective CCE count to the jury solely to impair Defendant's ability to obtain a fair trial," and the Second Circuit's reversal of less than all convictions have rendered the reinstatement of the narcotics conspiracy charge improper; and (2) that but for the "knowingly illegal prosecution of the CCE, Defendant would not have been convicted of the remaining counts, or in the alternative, that Defendant was prejudiced to such an extent that any remaining counts must not stand." ECF No. 969 ¶¶ 42–43.

15

"It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). "[A] litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Id.* (internal quotation marks omitted). In this case, Defendant has not spelled out his arguments. The Court cannot decipher how the concepts of prejudicial spillover and retroactive misjoinder are applicable based on the vague, speculative, and conclusory statements Defendant makes in support of his argument. Further, Defendant has not addressed the *Hamilton* factors or provided any basis upon which the Court could analyze the *Hamilton* factors. The Court will not attempt to flesh out possible arguments on Defendant's behalf. Accordingly, the Court concludes that Defendant has not met the "extremely heavy burden" required to show prejudicial spillover, and this argument fails. *See Griffith*, 284 F.3d at 351.

## IX.    Integrity of the Grand Jury

Defendant argues that the integrity of the Grand Jury was impaired in his case. ECF No. 969 at 11. Specifically, he argues that presenting a knowingly unlawful charge to the Grand Jury was error that could be "'characterized as threatening the defendant's rights to fundamental fairness' where a 'determination of guilt by a petit jury will not moot the issue.'" *Id.* ¶ 44 (citing *United States v. Mechanik*, 475 U.S. 66 (1986); *United States v. Taylor*, 798 F.2d 1337, 1340 (10th Cir. 1986)). Defendant further contends that "[k]nowingly offering a charge to the Grand Jury that was known to be illegal was flagrant or egregious misconduct which significantly infringed on the grand jury's ability to exercise independent judgment and was an abuse that constituted systematic and pervasive overreaching usurping time-honored constitutional principles." *Id.* ¶ 45. Defendant again appears to argue that the Solicitor General's confession of error demonstrates that the charge was unlawful, and the Government knew this when indicting Defendant. ECF No. 976 ¶ 5. In

response, the Government maintains that any assertion that the Government charged Defendant with CCE knowing it was unlawful to do so is "nonsense." ECF No. 972 at 4.

Defendant's argument that the Grand Jury's integrity was compromised is premised on his allegation that the Government provided a knowingly unlawful charge to the Grand Jury. *See* ECF No. 969 ¶ 45. As the Court explained above, the Solicitor General did not admit that the charge was knowingly unlawful. Additionally, neither the Supreme Court nor the Second Circuit held that charging Defendant with CCE was unlawful or that the Government knew it was an unlawful charge. *See Montague*, 144 S. Ct. at 2654; ECF No. 959. Again, a deficient indictment does not equate to an unlawful one and even if it did, there is no evidence that the pleading error was intentional. As such, the Court cannot accept Defendant's speculative and conclusory assertion that the Government knowingly offered an unlawful charge to the Grand Jury, absent any explanation as to why Defendant believes the charge was unlawful or that the Government knew it was unlawful. As Defendant's argument is premised on this contention, the Court concludes that there is no merit to Defendant's argument the Grand Jury's integrity was compromised.

## X.    Vindictive Prosecution, Res Judicata, Collateral Estoppel

Finally, Defendant argues that after his case was no-billed by a State Grand Jury, the same federal agencies involved in the state no-bill "vindictively" sought to charge him in federal court. ECF No. 969 ¶¶ 47–48. Defendant then reiterates his claim that the Government indicted Defendant of the CCE charge "knowing it was unlawful to do so," and further claims that the Government opposed Defendant's motions to dismiss the CCE count "despite knowing that the charge was unlawful." *Id.* ¶¶ 49–50. He states that the Government later acknowledged that the way it treated Defendant and his case was an "'outlier that does not reflect the government's standard charging practices for such offenses.'" *Id.* ¶ 51. Additionally, Defendant claims that the

narcotics conspiracy was dismissed "without any notice that [the Government] would attempt to reinstate it despite knowing that the CCE could likely be dismissed." *Id.* ¶ 52. He concludes by stating that the "Government's attempts are vindictive and barred by the principles of issue preclusion, claim preclusion, res judicata, [and] collateral estoppel." *Id.* ¶ 53. Again, the Government maintains that any assertion that it charged Defendant with CCE knowing it was unlawful to do so is "nonsense." ECF No. 972 at 4.

There is no merit to Plaintiff's argument that after a State Grand Jury no-billed his state indictment, the Government "vindictively" sought to charge Defendant in violation of the principles of issue preclusion, claim preclusion, res judicata, and collateral estoppel. As the Second Circuit explained when Defendant raised similar arguments on appeal, under the dual sovereignty doctrine, it is not improper for the federal government to indict a defendant on federal charges, even when a State Grand Jury no-billed a state indictment. ECF No. 948-1 at 31–32; *see also United States v. Davis*, 906 F.2d 829, 832 (2d Cir. 1990) ("[Both the state and federal governments have] the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses. When a single act violates the laws of two sovereigns, the wrongdoer has committed two distinct offenses."). Consequently, there was nothing vindictive about bringing federal charges after a State Grand Jury declined to indict, and the prosecution was not barred by the principles of issue preclusion, claim preclusion, res judicata, or collateral estoppel.

Defendant again argues that the Government knowingly and unlawfully indicted Defendant on the CCE charge and that the Government knowingly opposed his motion to dismiss knowing that the CCE charge was unlawful. ECF No. 969 ¶¶ 49–50. As explained above, Defendant develops no argument as to why he believes the charge was unlawful or why the Government

18

would know it was unlawful. Defendant makes no other allegations as to why he believes that the Government knowingly and unlawfully indicted him and opposed his motion to dismiss. Once again, a deficient indictment does not equate to an unlawful one and even if it did, there is no evidence that the pleading error was intentional. Therefore, the Court rejects these speculative and conclusory assertions. As for Defendant's final argument that the Government failed to provide notice, even assuming that is true, failure to provide notice is irrelevant for considering whether the Government's actions violate the principles of issue preclusion, claim preclusion, res judicata, and collateral estoppel. Thus, Defendant's argument is meritless.

## CONCLUSION

On remand, this Court is compelled by the mandate rule to comply "with the dictates of the superior court." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). When the Second Circuit remanded this case, it did so with instructions to reinstate the count of narcotics conspiracy and to resentence Defendant accordingly. ECF No. 959 at 6. Defendant has failed to identify any reason why this Court is precluded from complying with the Second Circuit's dictate. Therefore, Defendant's motion to preclude the reinstatement of the narcotics conspiracy charge (ECF No. 969) is DENIED. The Court's order dismissing the narcotics conspiracy conviction (ECF No. 709) is VACATED, and the narcotics conspiracy conviction is REINSTATED. The Oral Argument scheduled for April 9, 2025, at 3:00pm is converted to a status conference, where the Court will set a time and date for resentencing.

IT IS SO ORDERED.

Dated: April 3, 2025
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

19